[Cite as *State v. Stockstill-Reece*, 2022-Ohio-2399.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210445 |
| | | TRIAL NO. C-21CRB-10994 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| SEAN STOCKSTILL-REECE, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 13, 2022


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Mary Stier,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David H. Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**Bock, Judge.**

{¶1} Defendant-appellant Sean Stockstill-Reece appeals his conviction for domestic violence in violation of R.C. 2929.25(A), a first-degree misdemeanor, arguing that the conviction was against the manifest weight of the evidence. We affirm the trial court's judgment.

### Facts and Procedure

#### The Trial

{¶2} Sean, his mother, Carol Stockstill, and his sister, Johnnie Stockstill, lived together. At a bench trial, Johnnie testified that she was heating up food when Sean came in the front door and tried to talk to her. Her mother warned her that Sean had been drinking, so she told Sean, "Don't talk to me." Sean responded, "Fine, then get out of my way," walked up to Johnnie, and pushed her. Johnnie called the police.

{¶3} Earlier, Carol had left the house after Sean had begun to drink alcohol and, when he drinks, he always "gets in these modes [and] he can't control himself." When Carol returned home, Sean and Johnnie were arguing. When Carol intervened, Sean "got in her face" and yelled at her. Carol testified, "[b]ecause when he's in that mode, I don't know what he's going to do," she sprayed him with pepper spray.

{¶4} As Sean rinsed his face with a garden hose, Carol crossed the street to retrieve her dog. Sean grabbed her from behind and brought her to the ground. Carol testified that she had a "few cuts and scrapes" and she "believe[d] [that her] ribs were bruised." Carol was treated at the emergency room—medical staff took x-rays and bandaged her hand and knee.

{¶5} Johnnie testified that she saw Carol in the garage with Sean when he "came into her face aggressively, and then [Carol] pepper sprayed him." According to

Johnnie, Sean grabbed a spray bottle of alcohol and attempted to spray Carol with it. Sean used the garden hose to rinse his face off.

{¶6}    Johnnie testified that, as her mother walked across the street, Sean walked up to Carol, grabbed the front of her throat, and threw her to the ground. She recalled that, despite Carol having "nothing in her hands" that might have harmed Sean, he "slammed her" and walked away for a brief moment as she lay on the ground. According to Johnnie, Sean returned and attempted to punch Carol in the face. Johnnie thought that she saw Carol grab pepper spray to attempt to spray Sean again.

{¶7}    According to Johnnie, she intervened because Sean stood over Carol with a "closed fist getting ready to hit her in the face." Johnnie testified that she threatened to stab Sean with a knife that she was holding and he backed away from Carol. Johnnie recalled paramedics helping Carol up from the ground and Carol's injuries—"a busted knee," wounds to her hand and foot, and possible head trauma as Carol held her head "as if it hurt."

{¶8}    City of Sharonville Police Officer Hodges responded and found Carol on the ground across from her home, bleeding from her hand, knee, and toe. Carol was holding her head. Hodges called an ambulance to have Carol checked out because "she obviously wasn't able to stand up at the time." Sean was already in handcuffs receiving treatment from the paramedics for his injuries from the pepper spray. Hodges arrested Sean for domestic violence based on Carol's injuries.

<u>Sean's Self-Defense Testimony</u>

{¶9}    At the trial, Sean maintained that he had been drinking when Johnnie "antagoniz[ed]" him, which started the argument. He asserted that Carol entered the

3

argument and pepper sprayed him. He "pushed or tried to push away to get away" from her in self-defense. Sean stated that Johnnie told Carol to stay on the ground.

{¶10} On cross-examination, Sean stated that his inability to remember details of the events was "probably" attributable to the amount of alcohol he consumed, and the alcohol's interaction with his medication. But Sean maintained that Carol and Johnnie were the antagonists and initiated the confrontation. He testified that he still suffers from pain from the pepper spray.

### The Trial Court's Judgment

{¶11} The trial court found Sean guilty of domestic violence. The court believed that after Carol pepper sprayed Sean, he had washed his eyes and "went back to [his] mother and decided to get back at her." The court continued the matter for a presentence investigation.

{¶12} Before sentencing, Sean violated a protection order from the court requiring him to stay away from Carol and the residence. After the cases were merged, Sean pleaded guilty to violating the protection order. The court sentenced Sean to 180 days for the protection-order violation and 180 days for the domestic-violence conviction, credited 19 days on each sentence, and imposed $200 in fines and court costs for each offense.

## **Law and Analysis**

### A. Weight of the Evidence

{¶13} In reviewing a weight-of-the-evidence claim, we review " 'the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the

conviction must be reversed and a new trial ordered.' " *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 59, quoting *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).

{**¶14**} The weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *Bailey* at ¶ 63. In reviewing a challenge to the weight of the evidence, this court sits as a "thirteenth juror." *Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541. But this court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *Bailey* at ¶ 63.

{**¶15**} Sean was convicted of domestic violence under R.C. 2919.25(A), which provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." And "[t]he slightest injury is sufficient to prove physical harm." *State v. Daniels*, 2018-Ohio-1701, 111 N.E.3d 708, ¶ 35 (1st Dist.) (collecting cases of physical harm).

{**¶16**} Sean's sole assignment of error contends that there was no credible evidence to support a conviction for domestic violence because "the force employed by Sean to push away Carol was not deadly force," he pushed Carol in self-defense in response to the pepper spray, and his force was not unreasonable. Sean argues that the inconsistencies in Johnnie's testimony—that Sean attempted to punch Carol in the face as she was lying on the ground and Johnnie threatened Sean with a knife to prevent it—renders her testimony incredible. Sean further contends that he was blinded when he was pepper sprayed, and "Carol's use of pepper spray to end his argument, irrespective of the annoyance he presented, was an illegal assault."

**{¶17}** The state presented credible evidence to support Sean's domestic-violence conviction. Sean does not deny that he caused Carol's injuries. Instead, he asserts that he injured her to defend himself.

### B. Self-Defense

**{¶18}** To establish self-defense, defendants have the initial burden of producing evidence that tends to support that they used force in self-defense. *State v. Davidson-Dixon*, 2021-Ohio-1485, 170 N.E.3d 557, ¶ 21 (8th Dist.); R.C. 2901.05(B)(1). In a nondeadly force case, the defendant must produce sufficient evidence tending to support that: 1.) he did not create the situation that caused the altercation, 2.) he had reasonable grounds to believe, and honestly believed, that he was in imminent danger of bodily harm, and 3.) the only way to protect himself from the danger was using force and he did not use more force than was reasonably necessary to defend himself against the danger. *Id.* at ¶ 21. If the defendant satisfies this burden, the state then carries the burden of persuasion to prove the absence of any of these three elements beyond a reasonable doubt. *State v. Jacinto*, 2020-Ohio-3722, 155 N.E.3d 1056, ¶ 46 (8th Dist.).

**{¶19}** The record reflects that Sean may have created the situation when he stood face-to-face with his mother and raised his voice to her. Sean conceded that he had been drinking that day. Carol was concerned for her safety, which was understandable considering her familiarity with Sean's behavior when he drinks. After Carol pepper sprayed Sean and crossed the street, there was no longer any threat of harm to Sean. But Sean followed Carol across the street and then pushed her to the ground. And Sean presented no evidence that Carol posed a threat to him when he pushed her. Even if Sean did not create the situation, he was not in danger of imminent

bodily harm after Carol she had already walked away from Sean and crossed the street. He had no need to use any force, much less the amount of force used to cause Carol's injuries. Sean's self-defense claim fails. His assignment of error is overruled.

## Conclusion

**{¶20}** The evidence in the record supports Sean's conviction for domestic violence under R.C 2919.25(A). The trial court is in the best position to determine the credibility of the witnesses and evidence before it. Sean cannot show that the trial court lost its way in finding him guilty of domestic violence, and the conviction was not contrary to law. Sean's sole assignment of error is overruled.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.